William R. Satterberg, Jr.,
Satterberg Law
709 Fourth Ave.,
Fairbanks, Alaska 99701
Phone: (907) 452-4454
Fax: (907) 452-3988
E-mail: office@satterberg.net
*Attorneys for Crestmont Investments, LLC*

## UNITED STATES DISTRICT COURT
## FOR ALASKA

| | | |
|---|---|---|
| CRESTMONT INVESTMENTS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | 4:26-cv-00028-SLG |
| PETROLEUM EQUIPMENT & SERVICES, INC., | ) | |
| BEAR VALLEY HOLDINGS, LLC, | ) | |
| and KEVIN DURLING, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Case No. _____

## COMPLAINT

Plaintiff, Crestmont Investments, LLC, by and through counsel and pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, hereby complains against the Defendants, jointly and severally, as follows:

## NATURE OF THE ACTION

1. This is an action for compensatory damages, punitive damages, and attorney fees arising from a scheme to defraud Plaintiff Crestmont Investments, LLC. Defendants caused extensive damage to Plaintiff through a pattern of fraudulent misrepresentations and acts of fraud upon creditors, including Plaintiff.

Page 1 of 8

2.     Each of the Defendants was the agent or employee of each of the remaining Defendants, and in doing the things herein alleged, was acting within the course and scope of such agency or employment, and that all of the Defendants acted at all times with knowledge of the actions of the remaining Defendants.  Defendants did the acts and things alleged herein pursuant to and in furtherance of the fraudulent scheme alleged herein.

3.     Between 2018 and to the present, Defendants knowingly and willfully conspired and agreed among themselves, or in the alternative, later joined the ongoing fraudulent scheme and fully ratified all past actions and the purpose of the fraudulent scheme and agreed, *inter alia*, as follows:

A.     To form the fraudulent scheme for the purpose of avoiding paying justly due obligations to Plaintiff;

B.     To misappropriate and convert funds received from the United States Department of Agriculture and other sources to the derogation of Plaintiff and other creditors;

C.     To defraud Plaintiff; and,

D.     To derive other profits and benefits through a pattern of racketeering activity and other frauds as alleged below.

## **PARTIES**

4.     Plaintiff is a limited liability company organized under the State of New York and with its principal place of business located in the State of New York.

5.     Defendant Petroleum Equipment and Services, Inc., ("PESI") is a corporation organized under the laws of the State of Alaska and with its principal place of business

located in the State of Alaska.

6. Defendant Kevin Durling resides in, does business in, and is a citizen of the State of Alaska.

7. Defendant Durling is a Director, as well as the President, Secretary, Treasurer, and 100% shareholder of PESI.

8. Defendant Bear Valley Holdings, LLC ("BVH") is a limited liability company organized and with its principal place of business located in the State of Alaska.

9. Defendant Kevin Durling is both the manager and a member of BVH with an interest of 89.52% in BVH.

10. Plaintiff is a member of BVH with an interest of 8.81% in that company.

11. Plaintiff has "preferred member" status in BVH and is entitled to receive distributions from BVH at certain times and under certain conditions.

## JURISDICTION AND VENUE

12. The District Court has original subject matter jurisdiction over this case pursuant to 18 U.S.C. § 1030 and 1961 *et seq*, and federal jurisdiction is appropriate under 18 U.S.C. § 1964 as herein now fully appears. Federal diversity jurisdiction is also appropriate pursuant to 28 U.S.C. § 1332(a)(1).

13. Venue is invoked pursuant to 28 U.S.C. § 1391. Venue is properly placed in the United States District Court for Alaska in that at all times relevant to this cause, a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within Alaska. All Defendants are citizens of Alaska and have substantial contacts in the State of Alaska.

Case 4:26-cv-00028-SLG    Document 1    Filed 06/02/26    Page 3 of 8

## FACTS COMMON TO ALL COUNTS

14. All of the acts and omissions alleged herein were duly performed by and attributable to all Defendants, each acting as a successor, agent, joint employee, integrated enterprise, employee under the direction and control of other Defendants, except as expressly otherwise alleged said acts and omissions were within the scope of said agency or employment and each Defendant participated in, approved or ratified the unlawful acts and omissions by other Defendants complained of herein. Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants such allegations and reference shall be deemed to mean the acts and failure to act of each Defendant acting individually, jointly, and severally.

15. On or about 2018, Plaintiff acquired a membership interest of 8.81% in BVH.

16. Plaintiff's membership interest entitled it to receive priority in distributions from BVH.

17. Subsequent to Plaintiff obtaining its membership interest in BVH, Defendants obtained loans and other financing, including a loan from the United States Department of Agriculture, under fraudulent pretenses and specifically for the purpose of defrauding creditors, including Plaintiff.

18. One aspect of Defendants' fraudulent scheme was the making of unauthorized and improper distributions to PESI in derogation of Plaintiff's rights as a preferred member and in an effort to defraud creditors, including Plaintiff.

19. On information and belief, another aspect of Defendants' fraudulent scheme involved falsifying accounting records and invoices in order to conceal Defendants' actual

financial status and was conducted for the purpose of continuing Defendants' fraudulent scheme.

20. On information and belief, Defendants used computer, wireless, internet, and the United States Mail in furtherance of their scheme to defraud creditors, including Plaintiff.

## FIRST CLAIM FOR RELIEF

### FRAUD

21. Plaintiff refers to Paragraphs 1-20 as alleged above, and further alleges and incorporates the same by reference as though fully set forth herein.

22. By and through their material misrepresentations and material omissions as set forth above, the Defendants perpetuate a fraud against Plaintiff, causing Plaintiff to suffer substantial economic damages. The materially false representations and material omissions made by Defendants were intended to induce Plaintiff to transfer funds and other assets to the Defendants and to take other actions which proximately caused damage to Plaintiff.

23. Plaintiff, acting in good faith, reasonably relied upon the material misrepresentations of the Defendants relating to the financial condition of BVH, their ability to perform their obligations to creditors and to Plaintiff, their false representations that the Defendants have sufficient assets to conduct business, and other matters.

24. The Defendants' conduct was malicious, fraudulent, oppressive, and intended to injure Plaintiff. Consequently, Plaintiff is entitled to punitive damages.

Page 5 of 8

## VIOLATIONS OF 18 U.S.C. § 1961, *et seq.*

## RACKETEER INFLUENCED AND CORRUPT ORGANIZATION ACT

25. Plaintiff refers to Paragraphs 1-24 as alleged above, and further alleges and incorporates the same by reference as though fully set forth herein.

26. Defendants' fraudulent scheme included using wire services to obtain funds by false or fraudulent pretenses, representations, or promises, including transmitting by means of wire in interstate commerce writings, pictures, sounds and other materials for the purpose of executing their scheme, as prohibited by 18 U.S.C. § 1343 and constituting "racketeering activity" under 18 U.S.C. § 1961(1).

27. At all relevant times, the Defendants were individuals or entities capable of holding a beneficial interest in property and thus were "persons" within the meaning of RICO, 18 U.S.C. §§ 1961(3) and 1964(c).

28. At all relevant times, Defendants were an individual, an LLC and a corporation operating in concrete to achieve their fraudulent scheme, and thus were an "enterprise" within the intent and meaning of RICO, 18 U.S.C. § 1961(4) (hereinafter, the "Enterprise").

29. At all relevant times, the Enterprise was engaged in, and its activities affected, interstate and foreign commerce within the intent and meaning of RICO, 18 U.S.C. § 1926(c).

30. At all relevant times, Defendants were associated with the Enterprise and conducted or participated in the conduct of the Enterprise's affairs through a "pattern of racketeering activity" within the meaning of RICO, 18 U.S.C. § 1961(5), in violation of

Page 6 of 8

RICO, 18 U.S.C. § 1926(c).

31.     Specifically, Defendants engaged in "racketeering activity" within the meaning of RICO, 18 U.S.C. § 1961(1) by engaging in the acts set forth above, which includes, inter alia, the perpetration of a fraudulent scheme against Plaintiff by intentionally delivering, or causing the delivery of, false information in interstate commerce through the U.S. Postal Service, electronic mail, wire transfers, false statements regarding the financial health of BVH, Defendant Durling, PESI, and other entities, false accounting records, false profit projections, and misappropriation of funds.

32.     Plaintiff is informed and believes that the Defendants attempted to commit and committed acts of mail fraud, as that term is defined in 18 U.S.C. § 1956(a)(1) or 1956(a)(3).

33.     Plaintiff alleges upon information and belief that the Defendants attempted to, conspired to and did affect interstate commerce by aforesaid acts of mail fraud in violation of 18 U.S.C. § 1341 and wire fraud in violation of 18 U.S.C. § 1343.

34.     Plaintiff alleges upon information and belief that the Defendants' continuous and repeated violations of 18 U.S.C. § 1341 and 18 U.S.C. § 1343 constituted a pattern of racketeering activity within the meaning of 18 U.S.C. § 1962(c).

35.     Plaintiff alleges upon information and belief that Defendants' violations of 18 U.S.C. § 1341 and 18 U.S.C. § 1343 injured Plaintiff because these acts caused Plaintiff to wire funds to Defendants and enabled Defendant to avoid obligations to pay distributions to Plaintiff in an amount in excess of $75,000 that will be proven at trial.

36.     By reason of the foregoing, Plaintiff has been injured as a direct result of Defendants' violations of RICO.  Plaintiff was harmed in an amount in excess of $75,000

Case 4:26-cv-00028-SLG     Document 1     Filed 06/02/26     Page 7 of 8

and to be determined at trial. Defendants' conduct was malicious, fraudulent, oppressive, and intended to injure and defraud Plaintiff.

WHEREFORE, Plaintiff prays the Court for the following relief:

1. Special damages in an amount to be proven at trial;

2. Disgorgement of ill-gotten gains in an amount to be proven at trial;

3. Punitive damages in the amount to be proven at trial;

4. Treble damages in an amount to be proven at trial;

5. Attorney fees in an amount to be proven at trial;

6. Costs of this action in an amount to be proven; and

7. For such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, and hereby demands trial by jury on each and every issue of fact triable by jury in this case.

DATED this ___|___ day of June, 2026.

SATTERBERG LAW

By: _____
William R. Satterberg, Jr.
Alaska Bar No. 7610126
Attorney for Plaintiff Crestmont Strategic
Holdings, LLC

Page 8 of 8